IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02602-PAB-CBS

BOARD OF TRUSTEES OF THE RIO GRANDE EMPLOYEES
HOSPITAL ASSOCIATION,

    Plaintiff,

v.

JON AMUNDSON, and
BENDINELLI LAW OFFICE, P.C.,

    Defendants.

---

# ORDER

---

    This matter is before the Court on plaintiff's motion to strike defendant's answer and for entry of default judgment against defendant Bendinelli Law Office, P.C. ("Bendinelli") [Docket No. 9].  Plaintiff initiated this lawsuit on October 25, 2010 and served Bendinelli with the summons and complaint on November 5, 2010.  Because Bendinelli failed to answer in a timely manner, plaintiff sought entry of default and default judgment against Bendinelli [Docket No. 5] on November 30, 2010.  Bendinelli filed its untimely answer on December 3, 2010 [Docket No. 6].  The Clerk of the Court did not enter default [Docket No. 7], noting that Bendinelli had filed its answer.

    Plaintiff now requests that the answer be stricken and that default and default judgment enter against Bendinelli.  Plaintiff fails to cite a single case in support of its requested relief.  However, plaintiff's reference to the prejudice it will suffer if default is not entered against Bendinelli suggests that the Court should apply the standards

applicable to a defendant's motion to set aside an entry of default.

The Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c).[1] In determining whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995) (unpublished opinion) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each of these three factors and may consider other factors in its discretion. *Id.* Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is, however, within this Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency. *Gomes*, 420 F.2d at 1366.

Applying these considerations to the present circumstances, the Court does not find good cause to enter default against Bendinelli. The Court agrees with plaintiff that Bendinelli is culpable for filing its answer five days late, but finds that this alone is insufficient to warrant striking Bendinelli's answer and entering default against it. *Cf.*

---

[1] This good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Id.*; *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

*Bollacker v. Oxford Collection Agency, Inc.*, 2007 WL 3274435, at *3 (D. Colo. Nov. 5, 2007) ("Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.") (citing *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). Moreover, plaintiff's arguments regarding prejudice beg the question. Plaintiff merely points out that if the answer is not stricken and default is not entered, plaintiff "will not be allowed to obtain default judgment." Docket No. 9 at 5, ¶ 18(a); *see* Docket No. 9 at 5, ¶ 18(c). Finally, plaintiff offers no argument regarding the underlying merits. Therefore, even assuming that Rule 55(c) standards applied in this case, plaintiff has failed to demonstrate entitlement to relief pursuant to Rule 55(c).[2]

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to strike defendant's answer and for entry of default judgment against defendant Bendinelli Law Office, P.C. ("Bendinelli") [Docket No. 9] is DENIED.

DATED January 10, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] The Court also notes that plaintiff requests, upon entry of default, default judgment enter only as to defendant Bendinelli. Plaintiff, however, fails to offer any arguments pursuant to Federal Rule of Civil Procedure 54(b) justifying judgment against "fewer than all . . . parties."